UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA SIBLEY JACKSON, an individual, | Civil Cause No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| DIMENSIONAL COMMUNICATIONS, INC., a Connecticut corporation, and CHRISTOPHER S, CROWELL, its CEO, an individual, and UP WITH PAPER, LLC, an Ohio limited liability company, and GEORGE WHITE, its President, an individual. | |
| Defendants. | |

Plaintiff, Sandra Sibley Jackson, alleges:

**PARTIES**

    **1.**    **Plaintiff.**  Sandra Sibley Jackson, an individual, resides in Seattle, Washington. Plaintiff is the owner of U.S. Copyright Registration. VA 1-354-972, Exhibit A attached hereto.

    **2.**    Defendants.  Defendants are:

COMPLAINT FOR COMPLAINT FOR COPYRIGHT INFRINGEMENT
Page 1 of 5

STRATTON LAW & MEDIATION P.S.
18826 ROBINWOOD ROAD SW
PO BOX 636, VASHON, WA  98070
Tel:  (206) 408-736
rexstratton@rbs-law.com

2.1     DIMENSIONAL COMMUNICATIONS, INC., a Connecticut corporation, having a principal place of business in Old Saybrook, Connecticut.

2.2     Christopher S. Crowell, an individual, residing in the state of Connecticut. Mr. Crowell is the President and CEO of Defendant Dimensional Communications, Inc.

2.3     Up With Paper, LLC, an Ohio limited liability company, having its principal place of business in Mason, Ohio.

2.4     George White, an individual, residing in the state of Ohio.  Mr. White is the President of Up With Paper, LLC.

**JURISDICTION AND VENUE**

3.      This action arises under the copyright laws of the United States, Title 17 U.S.C. § 101, *et seq*.  This court has jurisdiction over the copyright claims under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

4.      Personal jurisdiction is appropriate pursuant to *Calder v. Jones*, 465 U.S. 783 (1984), *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004), and related authorities.  As set forth below, Defendants intentionally engaged in transactions through which they purposefully availed themselves of the legal protections and benefits of the state of Washington, and which they knew would cause harm to Plaintiff in the state of Washington.  As a result of Defendants prior licensing of copyright from Plaintiff, Defendants knew that Plaintiff maintained her business in Washington.  Defendants also expressly and intentionally directed their subsequent publication and distribution of infringing works in Washington by making the infringing works available for distribution to purchasers in Washington, and by selling infringing works and other products through a continuously interactive commercial website.

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Page 2 of 5

STRATTON LAW & MEDIATION P.S.
18826 ROBINWOOD ROAD SW
PO BOX 636, VASHON, WA  98070
Tel:  (206) 408-736
rexstratton@rbs-law.com

5. Venue in this district is proper under 28 U.S.C. § 1391 and/or 28 U.S.C. § 1400(a).

## FACTUAL BACKGROUND

6. Plaintiff designs paper crafts and the means for making folded paper three dimensional works.  Her works are widely known, nationally and internationally and have been featured in national publications.

7. Effective December 1, 2004 (2004 License Agreement) Plaintiff entered into a license agreement with Up With Paper, Inc. then owned by Dimensional Communications, Inc.  Please see Exhibit B attached hereto.

8. Effective June 18, 2006 Sandy Jackson and Dimensional Communications Inc. entered into a license agreement (2006 License Agreement).  Please see Exhibit C attached hereto.  By its terms, the 2006 License Agreement expired December 31, 2009.

9. On information and belief, Defendants have continued to sell formerly licensed products after December 31, 2009 without license or consent from Plaintiff thereby infringing Plaintiff's copyright.

## CLAIM FOR RELIEF
### Infringement of U.S. Copyright No. VA 1-354-972

10. Defendants infringe and continue to infringe U.S. Copyright Registration. VA 1-354-972 by distributing in commerce worldwide products that are substantially similar to the works registered by Plaintiff.

11. To the extent that one or more individual Defendants did not engage in direct acts of infringement, such Defendants engaged in contributory infringement and/or vicarious infringement because: (1) they had knowledge of the other Defendants' direct infringement and induced, caused, or materially contributed to the infringing conduct; and/or (2) they had the right

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Page 3 of 5

STRATTON LAW & MEDIATION P.S.
18826 ROBINWOOD ROAD SW
PO BOX 636, VASHON, WA  98070
Tel:  (206) 408-736
rexstratton@rbs-law.com

1  and ability to supervise the infringing conduct and a direct financial interest in the infringing

2  activity.

3      12.    Defendants have violated Plaintiff's exclusive rights of reproduction and

4  distribution.

5      13.    The foregoing acts of infringement were willful, intentional, and in disregard of

6  and with indifference to the rights of Plaintiff.

7      14.    As a result of Defendants' infringement of Plaintiff's exclusive rights under the

8  Copyright Act, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and attorneys' fees and

9  costs pursuant to 17 U.S.C. § 505.

10      16.    The conduct of Defendants is causing, and unless enjoined and restrained by this

11  Court, will continue to cause Plaintiff irreparable injury that cannot fully be compensated or

12  measured in money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and

13  503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing

14  Plaintiff's copyright and ordering that Defendants destroy all infringing copies made in violation

15  of Plaintiff's copyright and ordering the destruction of all molds, matrices, tools and dies for

16  making infringing copies.

17      17.    As a result of Defendant's willful infringement the case is exceptional and

18  Plaintiff is entitled to enhanced statutory damages.

19  **PRAYER FOR RELIEF**

20  WHEREFORE, Plaintiff prays:

21      A.    for an award of all direct and consequential damages, including, at Plaintiff's

22  election, statutory damages pursuant to 17 U.S.C. § 504;

23

24

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Page 4 of 5

STRATTON LAW & MEDIATION P.S.
18826 ROBINWOOD ROAD SW
PO BOX 636, VASHON, WA 98070
Tel: (206) 408-736
rexstratton@rbs-law.com

B. for Injunctive relief restraining Defendants from further publication of infringing materials or other infringement of Plaintiffs' copyrighted works pursuant to 17 U.S.C. §§ 502 and 503 and for an order requiring the destruction of all infringing works and the molds, matrices, tooling and dies for making infringing copies;

C. for an award of Plaintiff's Attorneys' fees and costs awardable under 17 U.S.C. § 505;

D. for an award of post-judgment interest on the entire judgment until paid in full; and

E. For such other and further relief as the Court deems just and equitable.

DATED: May 1, 2015.

By: */s/ Rex B. Stratton*
Rex B. Stratton, WSBA No. 1913
STRATTON LAW & MEDIATION P.S.
18826 Robinwood Road SW, Ste 201
P.O. Box 636
Vashon, WA  98070
Telephone:   206-408-7368
Email: stratton@rbs-law.com

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Page 5 of 5

STRATTON LAW & MEDIATION P.S.
18826 ROBINWOOD ROAD SW
PO BOX 636, VASHON, WA  98070
Tel:  (206) 408-736
rexstratton@rbs-law.com